```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CHERLYN KILPATRICK,

                Plaintiff,

    v.

NATIONAL RAILROAD PASSENGER
CORPORATION,

                Defendant.

------------------------------------------------------------------ X

CIVIL ACTION
No. 1:20-cv-05870 (VEC)

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

    **WHEREAS**, Plaintiff CHERLYN KILPATRICK and Defendant NATIONAL RAILROAD PASSENGER CORPORATION intend to produce certain documents and information that they deem to be confidential or otherwise inappropriate for public disclosure;

    **WHEREAS**, Plaintiff and Defendant will only produce these documents and information if appropriate protection for their confidentiality is assured.

    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by attorneys for Plaintiff CHERLYN KILPATRICK and Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("Amtrak"), as follows:

    a.    As used herein, "Action" shall mean the pending action between Plaintiff and Defendant captioned Cherlyn Kilpatrick v. National Railroad Passenger Corporation, 1:20-cv-05870 (VEC).

    b.    "CONFIDENTIAL MATERIAL" shall include all documents or other materials that each party to this action may in good faith determine should be designated as "CONFIDENTIAL MATERIAL."

    c.    CONFIDENTIAL MATERIALS shall be used solely for the purpose of pursuing and contesting the causes of action presented in this Action, and not for any other purpose (i.e.,

other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action).

        d.      The documents designated as "CONFIDENTIAL MATERIAL(S)" shall not be disclosed or disseminated to any person other than a party to the Action, except the following individuals, unless and until this Court rules that there may be further disclosure:

        (i)      counsel of record for the respective parties, namely: attorneys for the plaintiff, Carisa German-Oden, Esq. and Daniel Poolson, Jr., Esq. of Poolson Oden, and attorneys for the defendant, Landman Corsi Ballaine & Ford, P.C., agents from Amtrak's Claims Department, and any Amtrak in-house counsel directly involved with oversight of this case;

        (ii)      employees of such counsel assigned to and necessary to assist in the litigation;

        (iii)      non-party experts or independent consultants engaged by counsel or the parties to assist in prosecuting or defending the claims presented, provided that each non-party expert or independent consultant has the need to learn the content of such CONFIDENTIAL MATERIAL and has signed an undertaking in the form of Exhibit A before being provided with CONFIDENTIAL MATERIAL protected by this Protective Order; and

        (iv)      any other person as to whom the parties first agree in writing and who sign the form set forth in Exhibit A before being provided with discovery materials protected by this Protective Order.

These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court on motion.

e.  Counsel for both parties may designate deposition exhibits or portions of deposition transcripts as Confidential by indicating on the record during the deposition that a question relates to CONFIDENTIAL MATERIAL(S), in which event the reporter will designate the transcript and/or exhibit as Confidential.

f.  If either party objects to the designation of CONFIDENTIAL MATERIAL(S) as confidential, the objecting party shall state such objection in writing, and counsel shall attempt to resolve such conflict in good faith. If the conflict cannot be resolved among counsel, the designating party's attorney shall, within thirty (30) days of the initial objection, request by motion that the Court maintain the "Confidential" designation. Any such materials shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict. If the designating party does not file a motion within 30 days of (the initial objection) that the Court maintain the designation, the materials will no longer be deemed confidential or be covered in this Order.

g.  If a party seeks to file CONFIDENTIAL MATERIAL with the Court or reveal the contents thereof, the party shall first contact all counsel in an attempt to resolve all issues relating to confidentiality. In the event that no resolution may be obtained, a party may make an application to the Court for permission to file under seal the specific portions of those papers disclosing CONFIDENTIAL MATERIAL(S) and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

h.  This Confidentiality Agreement and Protective Order shall not prevent or prejudice any party from applying to the Court for appropriate relief, for further or additional protective

orders, or from agreeing with the other party to a modification of the Protective Order, subject to the approval of this Court.

   i. Nothing in this Confidentiality Agreement and Protective Order shall be construed to limit a party's use of their own CONFIDENTIAL MATERIAL in any manner. If a party does not attempt to file materials it labeled as "CONFIDENTIAL MATERIAL" under seal, the material(s) will no longer be covered by this Order.

   j. Nothing in this Confidentiality Agreement and Protective Order shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the Federal Rules of Civil Procedure, or the doctrines of attorney-client privilege or attorney work product.

   k. This Confidentiality Agreement and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

   l. Within sixty (60) days after final termination of this litigation, either by settlement, by expiration of the time to appeal, or after issuance of the appellate mandate after an appeal, receiving counsel of record shall either certify destruction of all CONFIDENTIAL MATERIAL including all copies, abstracts, or summaries, and documents containing information taken from CONFIDENTIAL MATERIALS (but excluding any materials which in the judgment of receiving counsel are his work product) or return them to the producing person. However, one counsel of record for each party may retain the CONFIDENTIAL MATERIAL, solely for reference in the event of a dispute over the use or dissemination of information subject to the terms of this Order or over compliance with the final judgment. The retaining counsel of record shall secure and maintain restricted access to these CONFIDENTIAL MATERIAL(S).

m.  The Southern District of New York retains jurisdiction of all matters arising under this Protective Order.

n.  Nothing in this Confidentiality Agreement and Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all CONFIDENTIAL MATERIALS disclosed, in accordance with applicable law and Court rules.

Respectfully submitted,

FOR THE DEFENDANT,
NATIONAL RAILROAD PASSENGER CORP.

BY  */s/ Mina Miawad*
   Mina Miawad
   Landman Corsi Ballaine & Ford, P.C.
   One Gateway Center, 22nd Floor
   Newark, NJ 07102
   Tel: 973-623-2700

FOR THE PLAINTIFF,
CHERLYN KILPATRICK

BY  */s/ Carisa Oden*
   Carisa German-Oden
   Daniel Poolson
   Poolson Oden
   300 West Esplanade Ave., Suite 200
   Metairie, LA 7002
   Tel: 504-766-2070

> Notwithstanding anything to the contrary in this Confidentiality Agreement, the parties must comply with the Undersigned's Individual Practices in the event of a discovery dispute (Rule 3(B)) or when filing materials covered by this protective order (Rule 5).

SO ORDERED

*[signature: Valerie Caproni]*

Date: 7/26/2022

4870-7327-5168v.1

# EXHIBIT A

4870-7327-5168v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

CHERLYN KILPATRICK,

                Plaintiff,                **NON-DISCLOSURE**
                                                                  **AGREEMENT**

   v.

NATIONAL RAILROAD PASSENGER          1:20-cv-05870 (VEC)
CORPORATION,

                Defendant.
------------------------------------------------------------------ X

      I, _____, acknowledge that I have read and understand the Confidentiality Agreement and Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Material to anyone other than for the purposes of this litigation (i.e., other than those persons identified in paragraph (d) in the Confidentiality Agreement and Protective Order in this action) and that, at the conclusion of the litigation, I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Confidentiality Agreement and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of any issue or dispute arising hereunder and that my willful violation of any term of the Confidentiality Agreement and Protective Order could subject me to punishment for contempt of Court.

Dated: _____                                      _____

4870-7327-5168v.1